**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| PHONG DUC TANG, *et al.*, § | |
| § | |
| Plaintiffs. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00221 |
| § | |
| TONY VU, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Defendant Tony Vu has filed a Motion to Dismiss for Insufficient Service of Process. Dkt. 9. Attached to his motion is a declaration in which Vu swears that he has never been personally served with a summons and the Complaint in this matter. He also insists that a copy of the summons and Complaint have not been left with someone at his dwelling or his usual place of abode.

For service to be effective, a plaintiff must comply with the requirements of Federal Rule of Civil Procedure 4. Rule 4 provides that service is proper if a copy of the summons and the Complaint are delivered to the individual personally. *See* FED. R. CIV. P. 4(e)(2)(A). Rule 4 states that service can also be accomplished if a copy of the summons and the Complaint are left "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(B). The executed return of service in this case indicates that a copy of the summons and Complaint were served on a person residing at 111 Vietnam Street, Palacios, Texas 77465. *See* Dkt. 6 at 1.

In his declaration, Vu explains that the 111 Vietnam Street address is not his dwelling or usual place of abode. He declares that his mother resides at that address. Vu has provided the court a copy of his driver's license, which shows that he lives at another address in Palacios, Texas.

Plaintiffs Phong Duc Tang and Hung Dai Mai appear to concede that the process served on Vu was insufficient. *See* Dkt. 14 at 2 ("Prior to receiving Defendant's motion, Plaintiffs only had the address of Defendant as the one he claims to be his mother's address."). Plaintiffs have requested the Clerk of Court issue a new summons with the correct home address identified by Vu in his motion, and have pledged that they will promptly effectuate service upon Vu at that address.

When a district court finds that service is insufficient but curable, it should quash the service and give the plaintiff an opportunity to serve the defendant. *See* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1354 (4th ed. 2024). Dismissal of a lawsuit for insufficient service is inappropriate unless the court concludes "that there is simply no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959). Although service upon Vu was insufficient, Plaintiffs now have Vu's correct address, and can easily effectuate proper service upon him. As a result, I recommend that Vu's Motion to Dismiss for Insufficient Service of Process be **DENIED**. The district court should quash the insufficient service on Vu and permit Plaintiffs to serve Vu at his proper address within 30 days.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 22nd day of October 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE